IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CIVIL ACTION: 2-12-cv-1089-MHT-CSC |
| v. | ) Criminal Case No. 2:94cr62-MHT |
| | ) (WO) |
| DONALD MINEFIELD | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Federal inmate Donald Minefield[1] has filed a *pro se* pleading (Doc. No. 2068) styled as a "Writ of Deliverance[:] Motion for Summary Judgment," by which he challenges his 1995 conviction and sentence for engaging in a continuing criminal enterprise ("CCE"). For the reasons indicated below, Minefield is not entitled to any relief and his motion should be denied.

**I. DISCUSSION**

In his motion, Minefield maintains that he is entitled to relief from his conviction and sentence because, he says, the superseding indictment under which he was convicted was filed after the statute of limitation for his crime had expired. Doc. No. 2068 at 2-4. His claim attacks the fundamental validity of his conviction and sentence. The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane*

---

[1] Throughout the pleadings and the criminal history of this defendant, his name has been spelled variously as Minnifield, Minifield, and Minefield. The defendant signs his name "Minefield," and the minutes from the trial reflect that Minefield is the correct spelling of his name.

*v. Hanberry*, 601 F.2d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 & 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the Antiterrorism and Effective Death Penalty Act ("AEDPA") simply by characterizing his motion as one filed under separate rules or statutes. *Wofford*, 177 F.3d at 1245. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990).

Minefield seeks relief from this court that is appropriate only under 28 U.S.C. § 2255. Thus, regardless of Minefield's own labeling of the instant motion, the court finds that his motion is of the same legal effect as, and should be construed as, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. This is at least the fifth § 2255 motion filed by Minefield attacking his 1995 conviction and sentence.

Minefield's first § 2255 motion was filed on June 21, 1999. Case No. 2:94cr62-MHT, Doc. No. 1275. On June 13, 2003, this court denied that motion, as amended, deciding all claims adversely to Minefield. *Id*., Doc. Nos. 1634 & 1687.

On October 28, 2005, Minefield filed a pleading styled as a "Pro Se ex Parte Extraordinary Special Motion under Rule 60(b) with the Implimentation(s) [sic] of 18 U.S.C.A. § 3582(c)(2) with Mitigating Factors and Essential Elements That Warrant an Evidentiary Hearing Pursuant to 18 U.S.C.A. § 3353(a) for a Complete Vacation of the Term Imposed as a Direct Result of Newly Discovered Evidence, Ineffective Assistance of Counsel, and the Unconstitutional U.S. Sentencing Guidelines, Inter Alia(s)," also challenging his 1995 conviction and sentence. *See* Case No. 2:05cv1066-MHT, Doc. No. 1. Because that motion attacked the fundamental validity of Minefield's conviction and sentence, this court characterized the motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Because Minefield had not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion,[2] this court summarily dismissed his § 2255 motion. *Id.,* Doc. Nos. 2 & 11.

---

[2] The AEDPA provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h). A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission
(continued...)

On March 27, 2007, Minefield filed a pleading styled as a "Memorandum of Points and Authorities to Dismiss the Indictment in the Instant Matter Based upon Lack of Jurisdiction, with Simultaneous Request for Relief Pursuant to Rule 60(b)(4), Federal Rules of Civil Procedure Regarding Void Judgments as Applied to the Denial of Petitioner's 2255." *See* Case No. 2:07cv278-MHT, Doc. No. 1. That pleading, too, was found to be a successive § 2255 motion filed without proper certification from the Eleventh Circuit, and was dismissed. *Id.*, Doc. Nos. 2, 4 & 5.

On June 21, 2011, Minefield filed a pleading styled as a "Request to File Under Rule 60(b)(5) Motion for Relief." Case No. 2:94cr62-MHT, Doc. No. 2027. Once again, Minefield's pleading was found to be a successive § 2255 motion filed without proper certification from the Eleventh Circuit, and was denied. *Id.*, Doc. Nos. 2029 & 2032.

It is apparent from the record that Minefield has yet to receive certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. Accordingly, this court lacks jurisdiction to consider the merits of Minefield's present motion, and the motion is due to be summarily denied. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

---

[2](...continued)
from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Minefield's motion (Doc. No. 2068) be denied, because Minefield has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **December 28, 2012**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 14th day of December, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE